

## NUMBERS
## 13-11-00601-CR
## 13-11-00602-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**AMANDA GUERRERO A/K/A
AMANDA YNFANTE,**                  **Appellant,**

**v.**

**THE STATE OF TEXAS,**                  **Appellee.**

---

### On appeal from the 117th District Court
### of Nueces County, Texas.

---

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Garza
### Memorandum Opinion by Justice Garza

In appellate cause number 13-11-601-CR, on March 11, 2011, appellant, Amanda Guerrero a/k/a Amanda Ynfante, pleaded guilty to one count of theft, a state-jail felony. *See* TEX. PENAL CODE ANN. § 31.03 (West Supp. 2011). Pursuant to a plea

bargain, the trial court adjudicated her guilty, sentenced her to two years in state jail, imposed a fine of $1,000, suspended the sentence, and placed her on community supervision for three years. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 3 (West Supp. 2011). In appellate cause number 13-11-602-CR, on May 23, 2011, appellant pleaded guilty to two counts of state jail forgery. *See* TEX. PENAL CODE ANN. § 32.21 (West 2011). Pursuant to a plea bargain, the trial court adjudicated her guilty, sentenced her to two years in state jail, suspended the sentence, and placed her on community supervision for three years. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 3.

In each case, the State filed a motion to revoke appellant's community supervision on June 24, 2011 and an amended motion to revoke on August 11, 2011, alleging various violations of appellant's community supervision. On August 24, 2011, the trial court held a hearing on the State's amended motions to revoke appellant's community supervision in both cases. In cause number 13-11-601-CR, appellant pleaded "true" to several of the State's allegations, and in cause number 13-11-602-CR, she pleaded "true" to one of the State's allegations. At the conclusion of the hearing, the trial court found that in cause number 13-11-601-CR, appellant violated four of the conditions of her community supervision and in cause number 13-11-602-CR, that she violated two of the conditions of her community supervision. In each case, the trial court revoked appellant's community supervision and sentenced her to two years' confinement in state jail, with the sentences to run concurrently. *See* TEX. PENAL CODE ANN. § 12.35 (West Supp. 2011).

## I. *ANDERS* BRIEF

In each case, appellant's appellate counsel has filed a motion to withdraw and a

brief in support thereof in which he states that he has diligently reviewed the entire record in each case and has concluded that there is no reversible error. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978). Counsel has informed this Court that he has (1) examined the record and has found no arguable grounds to advance on appeal, (2) served copies of the brief and motion to withdraw in each case on appellant, and (3) informed appellant of her right to review the record and to file a pro se response in each case.[1] *See Anders*, 386 U.S. at 744; *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991). More than an adequate time has passed, and no pro se response has been filed in either case. *See In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008).

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the entire record in each case and counsel's brief, and find that the appeals are wholly frivolous and without merit. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion it considered the issues raised in the brief and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. Accordingly, we affirm the judgments of the trial court.

---

[1] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696–97 (Tex. App.—Waco 1997, no pet.)).

### III. MOTION TO WITHDRAW

In accordance with *Anders*, appellant's counsel has filed a motion to withdraw as her appellate counsel in each case. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant the motion to withdraw in each case.

We order that counsel must, within five days of the date of this opinion, send a copy of the opinion and judgments to appellant and advise her of her right to file a petition for discretionary review in each case.[2] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

_____
DORI CONTRERAS GARZA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b)
Delivered and filed the
24th day of May, 2012.

---

[2] No substitute counsel will be appointed. Should appellant wish to seek further review of these cases by the Texas Court of Criminal Appeals, she must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See id.* R. 68.3. Any petition for discretionary review must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See id.* R. 68.4.